**FILED**

**AUG. 24, 2021**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MATTHEW IRVIN, SR.,          )
                                      )
          Petitioner,          )
                                        )
     v.                       )          Civil Action No.  1:21-cv-02083 (UNA)
                                        )
                                        )
KEN MASCORA,             )
                                        )
          Respondent.       )

**MEMORANDUM OPINION**

Petitioner, proceeding *pro se* and currently incarcerated at St. Lucie County Jail, located in Fort Pierce, Florida, sues the Chief Sheriff of the St. Lucie County Police Department.  Petitioner has apparently been criminally charged and awaits trial in the 19th Judicial Circuit Court of Florida, also located in St. Lucie.  She challenges his criminal charges on various grounds and also seeks his either immediate pre-trial release and/or reduction of his bond.

"[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  *See Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief").  Consequently, to the extent that petitioner does, in fact, seek relief pursuant to Section 2241, he must file his petition in the United States District Court for the Southern District of Florida.

Additionally, this court cannot intervene in petitioner's Florida criminal proceedings, due to "the fundamental policy against federal interference with state criminal prosecutions."  *Younger*

*v. Harris*, 401 U.S. 37, 46. (1971).  Nor would this District be the appropriate venue to do so, and its ability to exercise personal jurisdiction over the named respondent is equally unestablished.

For these reasons, the court will grant the application to proceed *in forma pauperis*, ECF No. 2, and dismiss the petition, ECF No. 1, without prejudice.  A separate order accompanies this memorandum opinion.


Date: August 24, 2021                              /s/_____

                                                            EMMET G. SULLIVAN
                                                            United States District Judge